UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles E. Banks, III,                                              Case No. 3:24-cv-252

Plaintiff,

v.                                                                 MEMORANDUM OPINION
                                                                   AND ORDER

Michael T. Stokes, *et al.*,

Defendants.

## I.    INTRODUCTION

*Pro se* plaintiff Charles E. Banks, III, a prisoner previously incarcerated at Marion Correctional Institution in Marion, Ohio ("MCI"), filed this action against MCI Correctional Officer Michael T. Stokes; MCI Sergeant C. Holycross; D. Deangelo, "Food Service Worker Food Coordinator"; and Jane Shope, "Food Service Worker Food Coordinator," Manager. (Doc. No. 1).

Plaintiff's handwritten complaint is largely illegible, and his statement of claim is nearly indecipherable. As the basis for jurisdiction, Plaintiff lists the following terms: harassment; freedom of religion in the workplace; deprivation of character; and freedom of speech in the workplace. (*Id.* at 3). As best I can discern from Plaintiff's statement of claim, he alleges "intimidation," "the rising up of staff and personnel harassing inmates" and "false claims," "false statements," and "misconduct." (*Id.* at 4-5). It appears that Plaintiff seeks monetary damages.

Plaintiff filed an application to proceed *in forma pauperis*. (Doc. No. 2). The application is granted, and his Complaint is dismissed.

## II.    STANDARD

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.    ANALYSIS

I recognize *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers.  *See, e.g., El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).  But the "lenient treatment

generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted).  Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and quotation marks omitted).

I am not required to conjure facts or questions not pled by the plaintiff or construct full blown claims from sentence fragments against defendants on behalf of a *pro se* plaintiff.  *See Beaudette v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  To do so would "require … the courts to explore exhaustively all potential claims of a *pro se* plaintiff, … [and] would … transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

A plaintiff's failure to identify a particular legal theory places an unfair burden on the defendants to speculate on the potential claims being raised against them and the defenses they might assert in response.  *Wells*, 891 F.2d at 594.  Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, a plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest.  *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Rather, Plaintiff's complaint is composed entirely of barely legible conclusory allegations and sentence fragments.  The complaint fails to include any discernible factual allegations or coherent claims.  As I noted above, I am not

3

required, and it would be improper for me, to construct claims from sentence fragments on behalf of a *pro se* litigant. Plaintiff's statement of his claim is nothing more than a mere "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The complaint does not satisfy the minimum pleading requirements of Rule 8.

### IV.    CONCLUSION

For the reasons stated above, I dismiss this action in its entirety under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), is granted.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge

4